IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | |
|---|---|
| MICHAEL KLEIN, | ) |
| Plaintiff, | ) |
| v. | ) 15-3022 |
| PROFESSIONAL CREDIT MANAGEMENT, INC., | ) |
| Defendant. | ) |

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 09 2015
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL KLEIN, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, PROFESSIONAL CREDIT MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. MICHAEL KLEIN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Harrison, County of Boone, State of Arkansas.

1

5. The debts that Plaintiff was allegedly obligated to pay were various medical debts owed to Main Street Medical Clinic, Radiology Associates of North America, JM Langston, MD, WRMS Clinics, and James Hawk, MD.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. PROFESSIONAL CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a corporation that has its principal place of business and its offices located in the City of Jonesboro, State of Arkansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

14. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## IV. ALLEGATIONS

### COUNT I: MICHAEL KLEIN v. PROFESSIONAL CREDIT MANAGEMENT, INC. FOR VIOLATIONS OF THE FDCPA

15. Plaintiff has undergone medical treatment at various medical facilities.

16. As of on or about the dates Plaintiff received medical treatment relative to the debts now being claimed, the cost of the medical treatment received was covered by Medicare.

17. Notwithstanding the fact that the cost of Plaintiff's medical treatment was covered by Medicare, the creditors on the debts neglected to timely submit claims for payment and instead assigned the debts to Defendant for collection.

18. Defendant has reported the debts to the credit reporting agencies resulting in the reporting of eleven (11) separate trade-lines.

19. The reporting of the debts as being the financial responsibility of Plaintiff misrepresent the character nature and amount of the debt.

20. The reporting of the debts as being the financial responsibility of Plaintiff is false deceptive and misleading.

21. The reporting of the debts as being the financial responsibility of Plaintiff is conduct that is unfair and unconscionable.

22. Plaintiff has disputed to Defendant the debts and the amount allegedly outstanding.

23. Defendant has reported false and misleading information to the credit reporting agencies and has failed to report that Plaintiff has disputed the debts.

24. In its attempts to collect the debts allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: MICHAEL KLEIN v. PROFESSIONAL CREDIT MANAGEMENT, INC. FOR VIOLATIONS OF THE FCRA

26. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

27. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

28. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

29. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

30. The inaccurate information of which Plaintiff complains are myriad accounts, or trade-lines, that reflect Plaintiff's history of credit with various medical facilities and/or medical treaters. Specifically, the Plaintiff asserts that he had Medicare that covered the cost of the medical treatment and that the creditors failed to timely submit claims to Medicare for the treatment. Further, Plaintiff asserts that the debts have been disputed and have been paid but that Defendant continues to report the accounts as outstanding.

31. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

32. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

33. In or around December 2014, Plaintiff disputed the inaccurate information with the CRA(s) by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

34. Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

35. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with the credit reporting agencies, each of them notified Defendant of Plaintiff's dispute and the nature of the dispute.

36. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with the credit reporting agencies, Defendant received notification of Plaintiff's dispute and the nature of the dispute.

37. Upon information and belief, Defendant received from the credit reporting agencies, notice of Plaintiff's dispute by Automated Consumer Dispute Verification Notice.

38. Upon information and belief, Defendant received from the credit reporting agencies additional information they had received from Plaintiff relative to additional evidence supporting the dispute.

39. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

40. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

41. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

42. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of credit opportunities;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

43. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

44. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to

credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

46. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V. Jury Demand

47. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, MICHAEL KLEIN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FDCPA;

c. Statutory damages of $1,000.00 for Defendant's violation of the FCRA;

d. Punitive damages;

e. Plaintiff's attorneys' fees and costs; and,

f. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
MICHAEL KLEIN

By: /s/ David M. Marco
David M. Marco
Attorney for Plaintiff

<u>Dated: April 3, 2015</u>

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      <u>dmarco@smithmarco.com</u>